

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney, Fayette County
La Grange, Texas

Dear Mr. Marburger:

Opinion No. O-6028
Re: Is attorney entitled to
refund of jury fee when
jury not used and jury
fee deposited in
County Treasury?

     We acknowledge receipt of your opinion request of recent
date and quote from same as follows:

     "Some time ago an attorney made an application
for a jury in two different cases and at the same
time filed a jury fee with the District Clerk in each
of these cases. These cases were put on the Jury Docket
and a jury was summoned to appear for each of these two
cases. These cases were set for trial for different
dates. It so happened that criminal cases were also set
for the day on which one of the civil cases was to be
tried. The jury actually appeared for both the criminal
cases and one of the civil cases. At the conclusion of
the disposition of the criminal cases, the attorney an-
nounced that he no longer desired a jury in either of
his civil cases and so the jury did not actually appear
in one of the civil cases that had been set for a later
date. In other words, the jury actually appeared for
use in one of the civil cases, but did not appear in the
other civil cases. Of course, the district clerk and the
other officers involved performed the services as they
were required to perform and as requested by the attorney.
Immediately upon receipt of the jury fees in each of these
cases, the district clerk deposited these fees with the
county treasurer. The attorney has now requested the
district clerk and the Commissioners' Court of Fayette
County for a refund of the jury fees made by him in each
of the two cases involved. Based upon the above facts,
I would appreciate your opinion on the following ques-
tion:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Is the attorney entitled to a refund of this jury fee in either of these cases and if so, who would make the refund?  Could the District Clerk make the refund of his own volition or would the District Judge order the refund and if so, to whom would the order be directed, or would the Commissioners' court be authorized to make the refund?'"

We note with favor that you have submitted also an exhaustive collation of the pertinent statutes tending to bear on the collection and disposition of such fees, including Court Rule 220, hereinafter set out.

We believe that the only specific authority given by law for a refund of such fees is now contained in said Rule 220 of the Texas Rules of Civil Procedure, (Acts 1939, 46th Leg.), which provides as follows:

"When one party has paid the fee for a jury trial, he shall not be permitted to withdraw such cause from the jury docket without the consent of the parties adversely interested.  If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit."

Applying the above Rule to the fact situation presented by you, we are constrained to hold that no refund could be made under authority of same in either case as such fees have been deposited in the County Treasury by the District Clerk and the trial court no longer has any control over the disposition of same.

Trusting this satisfactorily answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Robert L. Lattimore Jr._
Robert L. Lattimore, Jr.
Assistant

APPROVED MAY 31, 1944

ATTORNEY GENERAL OF TEXAS

RLL:EP

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN